UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23790-CIV-HUCK/O'SULLIVAN

SABAL PALM CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,
vs.

COLUMBIA CASUALTY COMPANY
and CITIZENS PROPERTY INSURANCE
CORPORATION,

    Defendants.
                                               /

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Plaintiff, Sabal Palm Condominium Association, Inc.'s Memorandum in Response to Defendant, Columbia Casualty Company's Motion for Clarification converted by Judge Huck on February 26, 2010, to a Motion for Attorney's Fees and Costs (DE # 20, 2/23/10). This cause was referred to the undersigned by the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Having carefully considered the applicable filings and the law, the undersigned respectfully recommends that the Plaintiff, Sabal Palm Condominium Association, Inc.'s Memorandum in Response to Defendant, Columbia Casualty Company's Motion for Clarification converted by Judge Huck on February 26, 2010, to a Motion for Attorney's Fees and Costs (DE # 20, 2/23/10) be DENIED in accordance with this Report and Recommendation.

## **BACKGROUND**

The plaintiff filed the Plaintiff, Sabal Palm Condominium Association, Inc.'s Memorandum in Response to Defendant, Columbia Casualty Company's Motion for Clarification converted by Judge Huck on February 26, 2010, to a Motion for Attorney's Fees and Costs (DE # 20, 2/23/10) on February 23, 2010.  The defendant filed a response on February 26, 2010, (DE # 25, 2/26/10) and the plaintiff filed a reply on March 4, 2010, (DE # 27, 3/4/10).

On May 14, 2009, the plaintiff initiated this action against the defendants, Citizens and Columbia, in state court.  On December 10, 2009, the state court judge issued an Agreed Order dismissing Citizens from the case without prejudice "pending the resolution" of the plaintiff's claim against the defendant Columbia.  The defendant, Columbia, removed the action to this Court on December 21, 2009.  On January 19, 2010, the plaintiff filed a Motion to Remand and asserted that the dismissal of the non-diverse defendant was not final.  The defendant argued in opposition to the plaintiff's Motion to Remand that the plaintiff's voluntary dismissal of the non-diverse defendant precluded remand.

A hearing was held on the Motion to Remand before Judge Huck on February 17, 2010, and an Order granting the Motion to Remand was docketed on February 18, 2010 (DE # 17, 2/18/10).  The Order on the Motion to Remand found that "the Court lacks jurisdiction over this action because the parties are not diverse."  <u>Order on Motion to Remand</u> (DE # 17, 2/18/10) at p. 1.  The Order went on to say that "[b]ecause the state court's dismissal of Citizen's is 'pending' (i.e., it is contingent and has not yet

taken place) diversity of parties does not exist." Order on Motion to Remand (DE # 17, 2/18/10) at p. 1. Accordingly, Judge Huck granted the Motion to Remand.

## **ANALYSIS**

The defendant argues that the plaintiff is not entitled to recover fees and costs in this matter because the defendant had an objectively reasonable basis for removal in this case.

The defendant notes that Sabal Palm and Columbia are diverse and the amount in controversy exceeds $75,000.00, that it removed the action after the non-diverse defendant was dismissed, and the dismissal of Citizens was voluntary because the plaintiff agreed to the dismissal in an agreed Order.

Citing to Martin v. Franklin Capital Corporation, 546 U.S 132, 141 (2005), the defendant argues that 28 U.S.C. § 1447(c) "does not create a presumption in favor of awarding fees." Response (DE # 25, 2/26/10) at p. 3. The defendant asserts that under Martin, the Court may "only award fees if the removing party lacked an objectively reasonable basis for seeking removal" and that "where an objectively reasonable basis exists, a fee motion must be denied." Response (DE # 25, 2/26/10) at p. 3.

The defendant argues that the dismissal of Citizens pending the resolution of the claim against Columbia was an objectively reasonable basis to seek removal, because pending means until, and Columbia interpreted that to mean that Citizens was dismissed until the claim against Columbia was resolved. Response (DE # 25, 2/26/10) at pp. 3-4.

The plaintiff asserts that "all ambiguities as to the federal court's jurisdiction are resolved in favor of remand" Reply (DE # 27, 3/4/10) at p. 1. , and that it was not objectively reasonable for Columbia to ignore this precedent.

The undersigned finds that the defendant had an objectively reasonable basis for the removal of this action to federal court.  The defendant had an objective reason to believe that the dismissal of Citizens pending the resolution of the case against Columbia created diversity because Columbia and Sabal Palm are diverse parties.

Because the undersigned finds that the removal by the defendant was objectively reasonable, the undersigned recommends that no fees and costs be awarded to the plaintiff and that the Plaintiff, Sabal Palm Condominium Association, Inc.'s Memorandum in Response to Defendant, Columbia Casualty Company's Motion for Clarification converted by Judge Huck on February 26, 2010, to a Motion for Attorney's Fees and Costs (DE # 20, 2/23/10) be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Plaintiff, Sabal Palm Condominium Association, Inc.'s Memorandum in Response to Defendant, Columbia Casualty Company's Motion for Clarification converted by Judge Huck on February 26, 2010, to a Motion for Attorney's Fees and Costs (DE # 20, 2/23/10) be **DENIED** and that the plaintiff not be awarded attorney's fees and costs in this matter.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 18th day of May, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record